## SEAMAN v. SOUTHERN COTTON & PAPER CO. et al.

Circuit Court of Appeals, Sixth Circuit.
February 11, 1928.

No. 4911.

**1. Bankruptcy ⬥⟹92—District Court may permit withdrawal by petitioning creditors from involuntary petition in bankruptcy and order dismissal without hearing (Bankr. Act, § 59g [11 USCA § 95]).**

District Court has power, in exercise of sound judicial discretion and on terms reasonably protecting rights of all interested parties, to permit withdrawal by petitioning creditors, on their own application, from an involuntary petition in bankruptcy, and to order dismissal of such petition, without hearing on issues of insolvency or acts of bankruptcy, under Bankruptcy Act, § 59g (11 USCA § 95).

**2. Bankruptcy ⬥⟹92—Where bankrupt moved to dismiss involuntary proceeding, and gave notice to all creditors, and all except one assented to dismissal, court properly dismissed petition, protecting objector (Bankr. Act, § 59g [11 USCA § 95]).**

Where bankrupt moved to dismiss involuntary bankruptcy proceeding against him, and gave notice thereof to all his creditors, as required by Bankruptcy Act, § 59g (11 USCA § 95), and all creditors except one consented to dismissal, court did not abuse its discretion in permitting the other creditors to withdraw as petitioning creditors and in dismissing petition, on condition that bankrupt should file with sufficient sureties in sum double amount of claim of objecting creditor, conditioned to pay any judgment and costs which such creditor might obtain against bankrupt.

Appeal from the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

Bankruptcy proceeding between Stewart E. Seaman and the Southern Cotton & Paper Company and others. The bankrupt moved for dismissal of the petition, and all petitioning creditors except Seaman requested permission to withdraw from the petition. From a decree granting creditors' requested permission to withdraw, and dismissing the petition conditionally, Seaman appeals. Affirmed.

White B. Miller, of Chattanooga, Tenn. (H. Vincent Moseley, Williams & Moseley, and Miller, Miller & Martin, all of Chattanooga, Tenn., on the brief), for appellant.

Charles A. Noone, of Chattanooga, Tenn., for appellees.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

TUTTLE, District Judge. This is an appeal, by one of several petitioning creditors who filed an involuntary bankruptcy petition, from an order dismissing such petition. After the filing of the involuntary petition, the bankrupt denied both insolvency and the commission of any of the acts of bankruptcy charged, and moved for a dismissal of the bankruptcy petition. All of the petitioning creditors except the present appellant requested permission of the District Court to withdraw their names from such petition and consented to the dismissal thereof. The court insisted upon compliance with section 59g of the Bankruptcy Act (title 11, § 95, U. S. C. [11 USCA § 95]), requiring that notice of such an application for a dismissal be sent to all creditors of the bankrupt. Thereupon the statutory notice so prescribed was duly given, and proceedings were had in accordance with the provisions of that section of the statute. No creditor, except the appellant, objected to the dismissal prayed, or offered to join as a petitioning creditor. No fraud, collusion, nor bad faith on the part of the bankrupt or of any creditor was shown. The bankrupt offered to secure the claim of the appellant (which claim, however, the

bankrupt disputed) by a proper bond. On this showing, the court, without proofs or findings on the questions of insolvency or acts of bankruptcy, entered a decree granting the requested permission to withdraw as petitioning creditors, and dismissing the involuntary petition in bankruptcy, on condition that the bankrupt should file with the clerk of the court a bond, with sufficient sureties, in a sum double the amount of the claim of the appellant, conditioned to pay any judgment and costs which said appellant might obtain in any court of competent jurisdiction against said bankrupt, and from such decree this appeal is taken.

[1] No statutory provision is called to our attention, and we know of none, precluding the dismissal of a bankruptcy petition under the circumstances so disclosed by this record. Indeed, such action by the court, in proper cases, would seem to be inferentially authorized by the requirement, in section 59g of the Bankruptcy Act just mentioned, providing that "a voluntary or involuntary petition shall not be dismissed by the petitioner or petitioners or for want of prosecution or by consent of parties until after notice to the creditors, and to that end the court shall, before entertaining an application for dismissal, require the bankrupt to" notify all of its creditors as prescribed in said section. We have no doubt that the District Court has power, in the exercise of a sound judicial discretion and on terms reasonably protecting the rights of all interested parties, to permit the withdrawal by petitioning creditors, on their own application, from an involuntary petition, and to order the dismissal of such a petition without a hearing on the issues of insolvency or acts of bankruptcy. In re Sig. H. Rosenblatt & Co., 193 F. 638 (C. C. A. 2). As was said by the Court of Appeals for the Second Circuit in the case just cited, in which the facts were substantially similar to those presented in the case at bar: "Upon this state of facts we concur with the District Judge in the conclusion that the first duty of the bankruptcy court is to administer or dispose of the estate in the interest of the creditors, and that where practically all of them assent to dismissal, either affirmatively or by failure to oppose, and the statutory three creditors are not found insisting on a continuance of the proceeding, and no deception is suggested to have been practiced on the creditors, it should be dismissed."

[2] We have carefully examined the record, and we are satisfied that in making the order complained of the District Court fully and fairly accorded to the appellant, as well as to all other parties, all of the protection and consideration to which he or they were entitled, and that it did not abuse its discretion in any respect as to which the appellant has any cause to complain.

The judgment is affirmed, with costs.