KNAPPEN, Circuit Judge (dissenting). I am unable to concur in the opinion of the majority. The policy expressly provides that it should not "cover any liability of the assured while the automobile is being operated by any person under the age limit fixed by law, or under the age of 16 years in any event." The municipal ordinance made it unlawful for any owner of a motor vehicle to permit "a minor under the age of 18 years to operate or run said motor vehicle upon public highways, streets or alleys, in the city of Lakewood." I think that under the situation existing here the age limit was "fixed by law." Not only was there no state law otherwise governing the subject, but the Legislature had expressly conferred upon municipalities "special power to regulate the use of the streets, * * *" and had given the council "the care, supervision and control of public highways, streets, avenues, alleys * * * within the corporation." Gen. Code Ohio, § 3714. The ordinance in question is directly within the statutory authority. The assured was the owner of the automobile. As applied to this case, both the ordinance and the policy provision are aimed at the action of the same person. It is thus immaterial that the ordinance does not in terms make unlawful the actual driving on the part of one under 18 years of age.

BANCO COMERCIAL DE PUERTO RICO
v. HUNTER BENN & CO. et al.

Circuit Court of Appeals, First Circuit.
April 1, 1929.

No. 2250.

Hugh R. Francis and Gabriel de la Haba, both of San Juan, Porto Rico, for appellant.

Harry F. Besosa and Besosa & Besosa, all of San Juan, Porto Rico, and Jose Sabater, of Mayaguez, Porto Rico, for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. October 18, 1927, three creditors of the firm of Cintron & Martinez, of Mayaguez, Porto Rico, filed a petition in bankruptcy containing the usual allegations and specifying the commission of four acts of bankruptcy. A citation was issued thereon, returnable November 2, 1927, which was duly served by leaving a copy thereof and of the petition with Martinez, a member of the firm. Thereafter Cintron, the other member of the firm, filed a demurrer and a sworn answer to the petition. The grounds of demurrer were: (1) That the allegations as to the first act of bankruptcy showed that the transfer complained of took place more than four months before the filing of the petition; (2) that the allegations setting out the second act of bankruptcy, relating to the transfer to creditors of insurance policies on August 4, 1927, while insolvent and with intent to prefer such creditors, was not an act of bankruptcy; (3) that the deed to the Banco Comercial of September 8, 1927, the subject-matter of the third act of bankruptcy, was to identify certain property sold conditionally, about six months prior to filing the petition, by the bank to the firm, and was not an act of bankruptcy; and (4) that the attachment upon the insurance policies, which the firm, while insolvent, had permitted, and not discharged, the subject-matter of the fourth act of bankruptcy, was not an act of bankruptcy, because the firm had not been deprived of the policies and their proceeds. In the answer, the firm admitted the allegations of the petition to the effect that its principal place of business had been in Mayaguez for the greater portion of six months preceding the date of the filing of the petition, that it owed debts in excess of $1,000, and that the petitioners were creditors in an amount greater than $500. It denied it was insolvent, and that it had committed, within four months before the filing of the petition, the acts of bankruptcy alleged, and made certain affirmative allegations relating to acts of bankruptcy charged.

November 16, 1927, an injunction proceeding was begun by the petitioning creditors against the Banco Comercial to restrain it from selling certain lumber claimed as assets of the firm. December 21, 1927, receivers of the bankrupt estate were appointed. December 28, 1927, the petition of November 16, 1927, for an injunction was granted. February 24, 1928, the demurrer of the firm to the bankruptcy petition was overruled and the case set for trial. March 7, 1928, and before trial, Cintron, who swore to and filed the answer of the firm, filed a sworn statement in behalf of the firm, in which he withdrew the answer and consented that an order be entered adjudging the firm a bankrupt. On that day the firm was adjudged a bankrupt, and the case was sent to the referee. March 9, 1928, the receivers brought another injunction proceeding against the Banco Comercial.

March 16, 1928, the Banco Comercial filed a motion to vacate the order adjudging the firm a bankrupt. In this motion the bank averred that Cintron withdrew the answer and consented that the firm be adjudicated "without the consent or concurrence of the other partner"; that it had not intervened in opposition to the petition, because the firm was contesting it, although it "had intended contesting it," but "had not done so as yet"; and requested that the decree be vacated and that it be permitted to answer the petition. At the same time it tendered an appearance and an answer to the petition in bankruptcy of the same nature as the previous answer of the firm. This motion was heard, and on April 19, 1928, an order nunc pro tunc as of April 3, 1928, was entered, denying the motion to vacate the adjudication and to intervene and file an answer.

April 21, 1928, the Banco Comercial petitioned the District Court for leave to appeal to this court from the order or decree of April 19, entered as of April 3, 1928, and the appeal was allowed by that court April 23, 1928. April 20, 1928, Martinez made a sworn statement ratifying the withdrawal of the answer by Cintron in behalf of the firm and his consent that the firm be adjudicated a bankrupt. May 1, 1928, the Banco Comercial petitioned this court for leave to appeal from the decree of April 19, 1928, which request was granted.

The first question is which appeal was properly taken.

It is to be noted that in each instance the appeal is from the decree of April 19, 1928, and not from the one of March 7, 1928.

■ If it had been from the decree of March 7th adjudging the firm a bankrupt, the appeal would have been properly taken and allowed in the District Court under section 25(a) of the Bankruptcy Act (11 USCA § 48(a), although the proceeding in which the decree was entered was a proceeding in bankruptcy, and not a controversy in bankruptcy. The appeal would also have been properly taken and allowed in the District Court, if the proceeding in which the decree was entered concerned a controversy in bankruptcy, under section 24a (11 USCA § 47(a). The decree appealed from, however, was not entered in a controversy arising in a bankruptcy proceeding, but in a proceeding in bankruptcy pure and simple, in which case all appeals are to be taken under section 24b, except as to the three specified instances named in section 25a. Applications for appeals under section 24b are to made to this court, not the District Court, and are allowed in the discretion of the court. And the application must be made "within 30 days after the judgment, or order, or other matter complained of, has been rendered or entered." Section 24c. The review in this court under section 24b is limited to questions of law. This matter is fully discussed in our opinions of November 27, 1928, in White v. Barnard, 29 F.(2d) 510, and Ahlstrom v. Ferguson, Tr., 29 F.(2d) 515. The appeal allowed in this court was properly taken. The one allowed in the District Court must be dismissed.

The errors assigned are that the court erred: (1) In entering the adjudication in bankruptcy upon the statement of a partner of the firm without any showing of the other partner; (2) in refusing to permit a creditor to object to and oppose the adjudication in bankruptcy; (3) in refusing to vacate the adjudication; (4) in refusing to grant leave to the bank to file its proposed answer to the petition; and (5) in finding that the petition in bankruptcy stated sufficient facts for the adjudication.

■ The first and fifth assignments of error are not properly taken. They present questions relating to the validity of the decree of March 7, 1928, adjudging the firm a bankrupt. As that decree is not appealed from those questions are not now open to review.

The second assignment assumes that the District Court refused to allow the bank to appear and oppose the petition to adjudicate the firm a bankrupt. This is contrary to the fact, for the bank did not ask leave to appear until after the decree of adjudication had been entered. The appellant takes nothing by this assignment.

The question raised by the remaining assignments is whether the District Court erred in its decree or order of April 19th denying the bank's motion to vacate the decree of March 7th.

It is apparent that the refusal of the court to grant leave to the bank to file an answer after the decree of adjudication had been entered is of no moment, unless its refusal to vacate the decree was erroneous.

■ It was discretionary with the District Court whether it would or would not vacate the decree of adjudication. And its refusal to do so presents no question for review on this appeal under section 24b, in the absence of a showing that it abused its discretion. In re De Lue (C. C. A.) 295 F. 130, 132; Blackstone v. Everybody's Store (C. C. A.) 207 F. 752, 756.

■ The court did not abuse its discretion in refusing the bank's request to vacate the decree. The petition in bankruptcy was filed October 18, 1927, and was made returnable November 2, 1927. Within five days after the return day the bank could have filed an answer, as a matter of right, or procured a reasonable extension of the time for so doing. Section 18b (11 USCA § 41(b). It did neither of these things, but waited until March 16, 1928 (some 4½ months after the return day) and until after a decree had been entered. It then asked that the decree be vacated and that it be permitted to intervene and answer the petition. These facts do not show an abuse of discretion, but a proper exercise of it. If the bank desired to answer the petition in bankruptcy, it should have seasonably done so. Bankruptcy proceedings cannot be delayed at the caprice of creditors. The bank in this instance has not lost anything by the denial of its motion. If it is the bona fide owner of the property claimed by the trustee as belonging to the bankrupt, it will have full opportunity to establish it.

The decree of the District Court is affirmed.