### MORALES v. TODD et al.
### No. 2995.

Circuit Court of Appeals, First Circuit.
Oct. 26, 1935.

Dexter & Dexter and Francis H. Dexter, all of San Juan, P. R., for appellant.

B. F. Sanchez, of San Juan, P. R., for Mindez & Co.

Before BINGHAM and MORTON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

The appellant on December 18, 1934, filed a petition for leave to appeal from an order of the Federal District Court of Puerto Rico of December 5, 1934, denying his motion of November 2, 1934, "to set aside and annul the order of that court of July 18, 1930, adjudicating him a bankrupt, for the reason that the original or amended involuntary petition upon which the adjudication was based did not allege that he had committed an act of bankruptcy," etc.; and that he had not consented to such adjudication.

It appears that no appeal from the order of adjudication of July 18, 1930, was taken within thirty days therefrom under section 25a of the Bankruptcy Act, as amended by Act May 27, 1926, § 10 (11 US CA § 48 (a), and that the purpose of the present petition is to obtain a review of the order of July 18, 1930, in contravention of the provisions of section 25a, limiting the time for taking an appeal from such an order to thirty days. By failing to appeal under section 25a he lost his right of review by this court of the order or judgment of July 18, 1930. Cintron v. Barletta Trading Co. (C. C. A.) 70 F.(2d) 1005.

Furthermore, the appellant, having delayed more than four years from the date of adjudication (July 18, 1930) before presenting his motion (November 2, 1934) to the court to vacate and annul the order of adjudication, was clearly guilty of laches which warranted a denial of the motion.

In re De Lue (C. C. A.) 295 F. 130; Banco Commercial De Puerto Rico v. Hunter Benn & Co. (C. C. A.) 31 F.(2d) 921.

Our order of July 29, 1935, granting leave to appeal was improvidently made and should be vacated.

Our order of July 29, 1935, granting leave to appeal, is vacated, and the petition for leave to appeal is denied.