In re BROWN.
No. 159.

Circuit Court of Appeals, Second Circuit.
Jan. 4, 1937.

307

McGowan & Stolz, of Syracuse, N. Y. (Maurice A. Phelps, of Syracuse, N. Y., of counsel), for alleged bankrupt.

Hancock, Dorr, Kingsley & Shove, of Syracuse, N. Y. (Stewart F. Hancock, of Syracuse, N. Y., of counsel), for creditors seeking to intervene-appellants.

Keith F. Driscoll, of Syracuse, N. Y., for appellee Geo. M. Haight, receiver of Salt Springs Nat. Bank, Syracuse, N. Y.

Costello, Cooney & Fearon, of Syracuse, N. Y. (Keith F. Driscoll, Henry R. Follett, and Laurence Sovik, all of Syracuse, N. Y., of counsel), for Keith F. Driscoll.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The alleged bankrupt, in 1929 received a large inheritance from his father. He conveyed much of it to a corporation he organized and then became financially involved. October 31, 1931, a "friendly" equity receivership was begun which resulted in the appointment of receivers for Brown and his corporation. The receivers made an exhaustive examination of their accounts and conducted the affairs of both. The receivership continued until April 12, 1932, when the District Judge determined, rightly, that he had no jurisdiction to appoint receivers for Brown, an individual. Creditors on that day filed a petition in bankruptcy alleging that Brown had transferred to his mother a mortgage with intent to hinder, delay, and defraud his creditors. Receivers in bankruptcy were appointed. Brown filed an answer denying insolvency and the commission of any act of bankruptcy. No hearings were had on these matters before the referee to whom the proceedings were referred.

The bankrupt's mother died, leaving a large estate, part to him in trust. The bankrupt filed objections to her will, a compromise resulted, and he was paid a large sum. His petitioning creditors on March 13, 1933, filed a petition asking that the bankruptcy proceedings be dismissed, doing so apparently in order that they might be paid. This petition was not pressed. The bankrupt then purchased the assets of the corporation he had organized. On April 5, 1933, he made an agreement of settlement with his petitioning creditors.

On October 16, 1935, appellee Haight, as receiver, procured an order to show cause returnable October 29, 1935, why the involuntary petition, filed April 12, 1932, should not be dismissed. October 26, 1935, the bankrupt withdrew his answer and consented to an adjudication and on that day the clerk pursuant to a rule of the court, entered an order of adjudication in bankruptcy. On the same day other creditors, appellants, petitioned to intervene and to oppose the dismissal. The court directed the clerk to vacate the adjudication. Leave to intervene was not granted on that day but the court ordered the bankrupt to file a list, under oath, of his creditors who had not theretofore been notified of the proceedings. A list was filed as of April 12, 1932. Some of these creditors appeared by counsel filing claims. Leave to intervene was denied. The intervening creditors and the bankrupt have appealed.

█ The court clerk unwittingly entered the adjudication October 26, 1935, without knowledge or information as to the motion to dismiss the petition in bankruptcy, returnable October 29, 1935, or indeed of the petition to intervene. Under these circumstances, the District Judge rightly vacated the adjudication. The court had it in its discretion to do so [In re Banco Comercial De Puerto Rico v. Hunter Benn & Co., 31 F.(2d) 921 (C.C.A.1); cf. In re De Lue, 295 F. 130 (C.C.A.1)], and there was no abuse of this discretion.

█ The appellants, petitioning creditors, seeking to intervene, rely on section 59f of the Bankruptcy Act, 30 Stat. 561, 11 U.S.C.A. 95(f), providing: "Creditors other than original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition." This section does not authorize creditors to intervene as of right at any time. It permits an application addressed to the discretion of the court. In re Tidewater Coal Exchange, 280 F. 638 (C.C.A.2), certiorari denied 259 U.S. 584, 42 S.Ct. 587, 66 L.Ed. 1075.

█ The court below, exercising its discretion, took into consideration that in three and a half years after the return day the creditors seeking to intervene had failed to act; he found that they were not seeking to intervene in good faith; and that they were acting in collusion with the bankrupt. The absolute right of a creditor to intervene ceases upon the expiration of the period provided for in section 18b of the Bankruptcy Act (11 U.S.C.A. § 41(b); intervention thereafter is subject to the sound discretion of the court. In re Tidewater Coal Exchange, supra. Canute S. S. Co. v. Pittsburgh & W. Va. Coal Co., 263 U.S. 244, 44 S.Ct. 67, 68 L.Ed. 287, to which we are referred, was an instance in which intervention was granted and the question on appeal was whether the creditors having been allowed to intervene could be counted on to cure a defect appearing on the face of the original petition. In our review, since this is a proceeding in bankruptcy, we are limited to the questions of law involved. An abuse of discretion which amounts to an error of law we could review. In re Margolies, 266 F. 203 (C.C.A.2); Fitts v. Custer Slide Mining & Development Co., 266 F. 864 (C.C.A.8). There was no such abuse of judicial discretion.

█ The appellant, Brown, has also assigned as error this denial of intervention by creditors, but he has no standing to complain. The appellee Haight's motion to dismiss appears not to have been opposed. At the hearing, counsel for the creditors seeking to intervene advised the court that the bankrupt should be examined so that counsel could advise his clients as to whether they would receive more or less if Brown was adjudged a bankrupt as of April 12, 1932, but he did not urge the denial of Haight's motion to dismiss. At an adjourned hearing, December 19, 1935, the same counsel appeared for six other creditors and filed proofs of claim but did not oppose the motion to dismiss. Ordinarily a contention not presented in the court below should not be reviewed by this court on a petition to revise the order. Britton v. Western Iowa Co., 9 F.(2d) 488, 45 A.L.R. 711 (C.C.A.8). The withdrawal of the alleged bankrupt's answer and his consent to an adjudication did not further the position of the creditors because a motion had already been made by the original petitioning creditors to dismiss their proceeding and another motion had been made by the appellee Haight. On the return day of Haight's motion, there were not three creditors asking for an adjudication as required by section 59b of the Bankruptcy Act (11 U.S.C.A. § 95(b). Instead they were asking for a dismissal. Three creditors, two of whom are appeal-

ing, on October 26, 1935, filed their petition for leave to intervene. But this was at a time when the three original creditors were asking for a dismissal of the petition. The court properly denied leave to intervene and hence the requirements of section 59b of the Act could not be met.

The original creditors had been paid and previously withdrew their petition. But on the return day of Haight's motion (October 29, 1935), the alleged bankrupt filed his answer stating, among other things, that all of his creditors had not been notified, indicating that he was desirous of continuing the proceeding, whereupon the court ordered Brown to file, under oath, a list of his claimed creditors in compliance with section 59g, as amended (11 U.S.C.A. § 95(g). Haight's motion to dismiss was adjourned until December 19, 1935. It is clear, however, that on October 29, 1935, the proceedings had been terminated by the withdrawal of the three original creditors who had been paid, by due notice to creditors in compliance with section 59g of the Act, and by an absence of any one with a valid right to intervene.

■ The court below dismissed the proceeding on the ground of laches as well as for failure to prosecute .after the issues raised by the answer of Brown to the petition had remained dormant for three and a half years. It was no abuse of discretion, under all these circumstances, to grant the petition to dismiss. In fact, the court had no alternative since, as we have said, the proceedings were actually at an end.

[11] Under the circumstances, the alleged bankrupt's appeal is without merit. He appeals from an order dismissing an involuntary petition. He had resisted adjudication for three and a half years, during which time he had inherited a substantial fortune and in addition had purchased valuable assets from a corporation which he organized and to which he conveyed property before his financial ·difficulties. By this procedure he had lulled his creditors into a sense of security, having bolstered his financial condition through various promises, and it was a wise exercise of judicial discretion to refuse him a continuance of the bankruptcy proceeding wherein he sought to be discharged of his debts.

Order affirmed.