## GLOBE PAPER CO. v. MORRIS TRAVIS DRUG CO. et al.

### No. 8504.

Circuit Court of Appeals, Sixth Circuit.

June 7, 1940.

Thomas L. Poindexter, of Detroit, Mich. (Leib & Berris and Thomas L. Poindexter, all of Detroit, Mich., on the brief), for appellant.

John D. Sullivan, of Detroit, Mich., for appellees.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

The above-styled cause was formerly before us on an appeal (McKesson & Robbins v. Morris Travis Drugs Co., 106 F.2d 681), from an order dismissing the involuntary petition in bankruptcy against appellee, the Morris Travis Drug Company, which order was reversed.

It there appeared that on March 2, 1938, three creditors of the appellee, Morris Travis Drug Company, filed an involuntary petition in bankruptcy against it, which it failed to answer and on March 18th was adjudged a bankrupt with reference to a referee. On March 19, 1938, George B. Morris, an operating equity receiver of the bankrupt appointed by the State Court of Michigan, filed a creditors' answer to the involuntary petition and on March 31, 1938, made a motion to dismiss the proceedings which was sustained, and in support thereof, filed a petition alleging that on September 29, 1936, appellee, Morris Travis Drug Company, agreed to make an assignment for the benefit of its creditors and on November 2, 1937, appellee, George B. Morris, filed a petition in chancery in the Circuit Court for the County of Wayne, Michigan, praying for dissolution of the appellee, the Morris Travis Drug Company, and in the course of the proceedings, appellee, George B. Morris, was appointed its receiver.

In the former opinion, we decided that the answer and petition were insufficient to support the court's order of dismissal and further that the court had jurisdiction of the subject matter and the appellee's original answer was not timely filed.

On reversal, appellee, George B. Morris, receiver, moved the court to set aside its order of adjudication and, in support thereof, tendered an amended answer in which, for the first time, he alleged that the act of bankruptcy stated in the creditors' petition was committed on November 1, 1937, and that the involuntary petition was not filed until March 2, 1938, or more than four months thereafter. The court permitted the answer to be filed and set aside its order of adjudication from which this appeal is prosecuted.

Appellees attack our jurisdiction on the ground that the order appealed from is interlocutory, which contention is unavailing. Iloehn v. McIntosh, 6 Cir., 110 F.2d 199. In setting aside adjudications, the rule prevails that motions therefor directed to the merits or to matters of form and not to the courts' jurisdiction, will be unavailing unless there is a plausible showing of defenses on the merits and excusable explanations for not interposing them within the time fixed by the Bankruptcy Act. U.S.C.A., Title 11, Sec. 41, sub. d, 52 Stat. 851; In re First National Bank, 8 Cir., 152 F. 64, 11 Ann.Cas. 355; In re Brown,

2 Cir., 87 F.2d 306, 307; In re Glory Bottling Company of New York, 2 Cir., 283 F. 110.

The bankruptcy court has discretion as to whether it should permit intervention by the receiver of the bankrupt's property appointed by another court on behalf of creditors, and this is especially true where the application to intervene is tardy. In re S. W. Straus & Company, 2 Cir., 67 F. 2d 605; In re Brown, 2 Cir., 87 F.2d 306.

The present receiver was aware of the involuntary petition in ample time to intervene in opposition before the expiration of the statutory period for answer, yet took no steps until after adjudication and when he filed his original answer it stated no defense, and his second pleading, designated a petition, confessed the allegation of bankruptcy. Only in his third pleading did he disclose that he was claiming the act of bankruptcy alleged in the involuntary petition was barred by the statutory four months' period of limitation and he shows no mistake, surprise, fraud or excusable neglect for failure to raise the issue earlier.

Under present Bankruptcy Order XI, 11 U.S.C.A. following section 53, and the new Federal Rules of Civil Procedure, 28 U.S. C.A. following Section 723c, which, by Bankruptcy Order XXXVII, applies insofar as not "inconsistent" with the act or the bankruptcy orders, Federal Rule 60(b) states a definite procedure, under which the courts, on motion made within six months, may relieve a party from a judgment, order or proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

Bankruptcy courts have the usual powers of courts of equity to authorize amendment of pleadings and they are usually allowed if the ends of justice will be promoted, but as they are not matters of right, the court must exercise its discretion in permitting them. The present amendment stated a new and independent defense, not related to the original and former one. Appellee disclosed no reason why this alleged defense was not stated in his first answer. He cannot claim ignorance because he knew the date he was appointed receiver and has shown no reason why the facts on which he now relies were not stated in his original answer. The Bankruptcy Act contemplates prompt administration of estates with the least possible delay consistent with the legal rights of the parties. In our opinion appellee was guilty of such laches as to require the court to deny the filing of the amended answer. Compare Banco Comercial De Puerto Rico v. Hunter Benn & Company et al., 1 Cir., 31 F.2d 921.

The order of the lower court is set aside and the cause remanded, with directions to strike appellee's amended answer.