## In re VIDOR.

District Court, S. D. New York.
May 2, 1941.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for William H. Vidor.

Franklin S. Wood, of New York City, for petitioner Bagarozy.

Louis S. Adler, of New York City, for petitioner Rubinsky.

KNOX, District Judge.

It is my opinion that the application herein for dismissal of the petition and discharge of the receiver should be granted.

The alleged bankrupt has challenged this proceeding from the outset. Two petitions previously have been dismissed because defective. A motion was made to dismiss the instant proceeding and that was denied by Judge Conger. An application was made for reargument which was referred to Judge Conger, but the papers never were submitted to him.

The five petitioning creditors and five others have entered into a written agreement with Vidor in settlement of their claims. Agreement in writing has been reached with still another and both agreements are on file and subject to the approval of this court.

The five petitioning creditors have consented to and moved for this dismissal. Pursuant to the order to show cause made by Judge Clancy, the alleged bankrupt has filed a list of his creditors, Bankruptcy Act

59, sub. g, 11 U.S.C.A. § 95, sub. g and due notice has been given to all creditors pursuant to 59, sub. g and 58, sub. a (7), 11 U.S.C.A. § 94, sub. a (7).

On the return of the order to show cause, only two attorneys appeared representing certain creditors. No opposition was filed by them, and the motion was adjourned one week. From the affidavit of Vidor, verified April 8, 1941, it appears that the claim represented by one of these attorneys has been settled agreeably, and that the creditor for whom the other speaks does not intend to oppose dismissal.

The requirements of the Act, I think, have been satisfied. No other creditors have appeared to take the places of the petitioners who now seek to withdraw, and it appearing that the dismissal is in the interests of creditors, it will be granted. Seaman v. Southern Cotton & Paper Co., 6 Cir., 24 F.2d 93; In re Brown, 2 Cir., 87 F.2d 306; 1 Remington on Bankruptcy, 4th Edition, Sections 489, 492.

In my opinion, however, I do not think it necessary or proper for the court to become a party to the various settlement agreements, by express approval or otherwise. It is enough that they do not appear collusive and that they form a part of the record upon which an order can be based.