## In re BURNS.

District Court, S. D. New York.

June 17, 1942.

Melton, Lebovici & Arkin, of New York City (Harold D. Safir, of New York City, of counsel), for bankrupt.

Pfeiffer & Crames, of New York City, for petitioners Fass & Wolper, Inc., M. H. Gaillard & Co. Inc., and Frederick Loeser & Co. Inc.

BRIGHT, District Judge.

The petitioning creditors of the bankrupt request a review of an order of the referee denying their petition for an order dismissing the bankruptcy. All of the creditors waived notice in writing of the application, and expressly consented thereto. Since the filing of the involuntary petition on March 27, 1941, other than the making of an order granting leave to one of the creditors to join in the petition, it does not appear that anything has been done except a reference of the matter to the referee. The bankrupt filed an answer to the petition and with it a list of his creditors. The bankrupt died on January 20, 1941.

An agreement of compromise has been entered into which provides, in substance, that the creditors should separately execute consents to the dismissal of the bankruptcy and waive all notice, for the turning over of a fund held by Montgomery Ward & Company, which apparently is the only asset of the bankrupt, to the assignee for the benefit of creditors appointed prior to the bankruptcy proceeding, the vacation of that assignment, the payment by the assignee after the deduction of his and his attorneys' fees and their actual disbursements, to a trustee for distribution to the several creditors, as agreed upon, and to the widow of the bankrupt. There were presented to the referee separate writings signed by the widow and all of the creditors, consenting to the dismissal of the proceeding and waiving all notice of any proceedings in that behalf.

The agreement of compromise, in addition to the matters above mentioned, also provided that the bankrupt should not be discharged from his debts, but so long as there was no default in payment as agreed upon, no action or proceeding would

be taken or maintained against him or his representatives upon any debt then owing; and that in the event payments were not made as agreed subsequent to the dismissal of the bankruptcy proceedings, the order dismissing the same might be set aside and vacated without further notice, and the bankruptcy proceeding reinstated.

The referee in denying the application to dismiss, based his decision chiefly upon the ground that the consents signed by the creditors were in accordance with the agreement mentioned, and were not intended as absolute consents to dismissal but only to a qualified dismissal, in accordance with the terms of the agreement, with the right to have this proceeding reinstated in the event of a default; that the substance of the arrangement was to designate a trustee and provide for certain contractual duties by it, dispensing with the safeguard of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and reserving the right to call upon the bankruptcy court to give relief, if such trustee did not carry out his contractual duties; and that such a device could not be used for such purpose, nor for the purpose of fixing fees when the only source of such fees is the bankrupt estate.

I must respectfully disagree with the decision of the referee. All of the persons interested in the estate have consented to the disposition criticized by the referee. No one, except the referee, opposes the dismissal, and no one appeared upon the return of this petition in opposition. It may be that the consents are contingent upon the performance of certain obligations. They are upon their face absolute and are executed in addition to the agreement. But whatever they are, they are a written authorization of all of the persons who could or did have any interest in the matter, and, under the circumstances, I feel that they could settle the matter upon terms satisfactory to themselves. No claim of fraud overreaching or other irregularity is made. In a similar situation, Judge Knox wrote on May 2, 1941:

"The requirements of the Act, I think, have been satisfied. No other creditors have appeared to take the places of the petitioners who now seek to withdraw, and it appearing that the dismissal is in the interests of creditors, it will be granted. Seaman v. Southern Cotton & Paper Co., 6 Cir., 24 F.2d 93; In re Brown, 2 Cir., 87 F.2d 306; 1 Remington on Bankruptcy (4th Edition), Sections 489, 492.

"In my opinion, however, I do not think it necessary or proper for the court to become a party to the various settlement agreements, by express approval or otherwise. It is enough that they do not appear collusive and that they form a part of the record upon which an order can be based." Matter of Vidor, D.C., 46 F.Supp. 468.

The Bankruptcy Act obviously contemplates, and if not directly, inferentially authorizes the entry of the order for dismissal. Section 59 sub. g, 11 U.S.C.A. § 95, sub. g, declares that an involuntary petition "shall not be dismissed upon the application of the petitioner * * * or by consent of parties, until after notice to the creditors as provided in section 58 [94] of this Act [title]." Section 58, 11 U.S.C.A. § 94, provides that creditors shall have notice by mail of the proposed dismissal of the proceedings in cases where notice is required by Section 59 sub. g, and that any notice required by the Act may be waived in writing by any person entitled thereto. I have found but one case which denies the right to dismiss, In re McKee, 214 F. 885, a decision by the District Court in the Northern District of Texas. The weight of opinion, however, is to the contrary. In re Miller, Fed.Cas. No. 9,553; In re Sig. H. Rosenblatt & Co., 2 Cir., 193 F. 638; Seaman v. Southern Cotton & Paper Co., 6 Cir., 24 F.2d 93; In re Riordan, 7 Cir., 95 F.2d 454; In re Lavine, D.C., 20 F.Supp. 362; In re Vidor, supra.

In the Rosenblatt case [193 F. 641], an order dismissing a petition in involuntary bankruptcy was affirmed by the Second Circuit, although one of the creditors in substantial amount opposed. Circuit Judge Lacombe said: "Upon this state of facts we concur with the district judge in the conclusion that the first duty of the bankruptcy court is to administer or dispose of the estate in the interest of the creditors, and that where practically all of them assent to dismissal, either affirmatively or by failure to oppose, and the statutory three creditors are not found insisting on a continuance of the proceeding, and no deception is suggested to have been practiced on the creditors, it should be dismissed."

In the Seaman case, the bankrupt moved for a dismissal, and all of the petitioning creditors but one requested leave to withdraw their names from the bankruptcy petition. Notice was given to all of the creditors and none objected or offered to join as

a petitioning creditor. The claim of the objecting creditor was ordered secured and the court stated that no statute was shown to preclude a dismissal and that such action was properly taken. The Circuit Court of Appeals in the Sixth Circuit affirmed.

In the Riordan case, after adjudication in a voluntary bankruptcy and the appointment of a trustee, the bankrupt asked leave to withdraw her petition, that the order of adjudication be vacated and the proceeding dismissed. The referee recommended that the request be denied and the district court confirmed. There was filed with the petition the written consent of each creditor whose claim had been allowed, agreeing to the request, and no objection was made to the petition either before the referee, the district court, or the Circuit Court of Appeals. The Circuit Court reversed, with directions to dismiss, writing that it could see no reason why a bankrupt may not have an adjudication vacated and petition withdrawn where such action is consented to by all of the parties who could possibly have any interest in the proceeding or the estate, providing provision be made for the payment of costs.

In the Lavine case, the bankrupt moved to dismiss and vacate the adjudication. All of the creditors consented. The trustee opposed. Judge Moscowitz granted the motion, saying [20 F.Supp. 364]: "The court, therefore, has no alternative but must, under section 59g and section 58a(8) of the Bankruptcy Act, dismiss the petition."

The petition for a review is, therefore, sustained, the application granted and the proceeding dismissed.