### In re PITTSBURGH MILLS STEEL CO., Inc.

#### No. 23617.

United States District Court
E. D. Pennsylvania.
April 17, 1952.

Francis Sullivan and Wexler, Mulder & Weisman, all of Philadelphia, Pa., for Pittsburgh Mills Steel Co.

Gerber & Galfand and Goff & Rubin, all of Philadelphia, Pa., for creditors.

McGRANERY, District Judge.

An involuntary petition in bankruptcy was filed herein on March 19, 1952. The three petitioners claimed back wages for a seven week period aggregating $1,126.24, the largest individual amount sought to be recovered being $531.20. A receiver has been appointed. The alleged bankrupt, Pittsburgh Mills Steel Company, has moved to dismiss the petition on the grounds that (1) the petition as originally drafted did not specifically allege that the bankrupt was insolvent when the alleged preferential transfers were made (petitioners have moved to cure this defect) and (2) in any event, the Court lacks jurisdiction over Pittsburgh Mills Steel Company since it is a New York corporation with its principal place of business in the city and state of New York. The alleged bankrupt also moves to revoke and vacate the appointment of the receiver, or, should the motion to dismiss be denied, to increase the petitioning creditors' bond to $150,000.

On the return day of the motion to dismiss, counsel for Pittsburgh Mills Steel Company asserted in open court that counsel for the petitioning creditors had no objection to such motion. None was made. The Court therefore treats this motion as an application to dismiss the petition on the consent of the parties. This Court concededly has the power to order a dismissal, as is briefly demonstrated by the following statement of the law by the late Judge Bright of the Southern District of New York:

"No one, except the referee, opposes the dismissal, and no one appeared upon the return of this petition in opposition. * * * I have found but one case which denies the right to dismiss, In re McKee, 214 F. 885, a decision by the District Court in the Northern District of Texas. The weight of opinion, however, is to the contrary. In re Miller, [17] Fed.Cas. [page 295] No. 9,553; In re Sig. H. Rosenblatt & Co., 2 Cir., 193 F. 638; Seaman v. Southern Cotton & Paper Co., 6 Cir., 24 F.2d 93; In re Riordan, 7 Cir., 95 F.2d 454; In re Lavine, D.C., 20 F. Supp. 362; In re Vidor, * * * [46 F.Supp. 468]." In re Burns, D.C.S. D.N.Y.1942, 46 F.Supp. 469, 470.

In obedience to the command of Sec. 59, sub. g of the Bankruptcy Act, 11 U.S.C.A. § 95, sub. g, however, the bankrupt is hereby directed to file within three days from date, a list, under oath, of all its creditors, with their addresses. It is further directed to notify such creditors of the pendency of such application, and to file an affidavit with this Court after such notice has been given advising of that fact and of the manner of notice. The statute exacts no less.

"The five petitioning creditors have consented to and moved for this dismissal. Pursuant to the order to show

cause made by Judge Clancy, the alleged bankrupt has filed a list of his creditors, Bankruptcy Act, § 59, sub. g, 11 U.S.C.A. § 95, sub. g and due notice has been given to all creditors pursuant to 59, sub. g and 58, sub. a(7), 11 U.S. C.A. § 94, sub. a(7). * * * No opposition was filed [by the creditors] * * *. The requirements of the Act, I think, have been satisfied." Knox, C. J., in Re Vidor, D.C.S.D. N.Y.1941, 46 F.Supp. 468, 469.

This Court will retain the matter for ten days after the filing of bankrupt's affidavit with respect to notification of creditors, Secs. 58, sub. a(7), 59, sub. g. This procedure will, in accordance with the policy of the statute, 3 Collier on Bankruptcy, Fourteenth Edition, Par. 59.34 ff.; 1 Remington on Bankruptcy, Fifth Edition, Sec. 380; and see the comments in Re Ryan, D.C.M.D.Pa.1902, 114 F. 373, 7 Am.Bankr.Rep. 562, and in 6 American Jurisprudence (Revised Edition), Bankruptcy, Sec. 273, permit other creditors to intervene and carry forth the proceedings on their own, should they choose to do so. Absent such intervention, on the expiration of ten days from the filing of bankrupt's affidavit of service, an order dismissing the petition and discharging the receiver may be entered *ex parte* and without notice to anyone by the bankrupt or by any of the petitioning creditors. The notice of the pending dismissal given to the creditors by the bankrupt should clearly state therein that unless objection is made of record within the ten day period, the petition is to be dismissed.