## In re STANLEY E. GUNNISON, Inc.

District Court, S. D. New York.
Dec. 3, 1934.

Morris, Plante & Saxe, of New York City, for petitioners.

Benjamin J. Goldman, of New York City, for petitioning creditors.

PATTERSON, District Judge.

The motion is by two of the petitioning creditors to withdraw the petition and have the bankruptcy proceeding dismissed. The bankrupt had been adjudicated prior to the

motion. Notice of the motion was given to all creditors, pursuant to section 59g of the Bankruptcy Act (11 USCA § 95 (g). On the return day opposition was made by only the third petitioning creditor, Rafel Estates, Inc. The motion was denied from the bench. The moving creditors have moved for reargument.

On June 29, 1934, the bankrupt made an assignment for the benefit of creditors. The involuntary petition in bankruptcy was filed on October 29th, barely within the four months' period. Rafel Estates, Inc., the opposing creditor, was the landlord of premises occupied by the bankrupt. In the assignment proceeding its claim was listed at $1,300. In the bankruptcy proceeding this creditor asserts a claim of $7,500, the difference being due in the main to the inclusion in the latter amount of one year's additional rent under an unexpired lease, a landlord's claim for rent being provable to this extent under the amendment to the Bankruptcy Act effective June 18, 1934. The claims of the other two petitioning creditors are each less than $200.

On this showing the bankruptcy proceeding should not be dismissed. There is no infirmity in the case. An act of bankruptcy was committed within four months, and the bankrupt has already been adjudicated. It is true that all the creditors but one now either desire or acquiesce in a dismissal, preferring apparently that the debtor's property be administered and distributed under the assignment. One creditor, however, is opposed. That creditor has a considerable claim and is acting in good faith. The ground of opposition is a sensible one. The indications are that its claim will be allowed in a larger amount in bankruptcy than under the assignment, and it is only natural that it should favor an administration of the debtor's assets by the bankruptcy court.

The cases relied on by the moving parties, In re Sig H. Rosenblatt & Co., 193 F. 638 (C. C. A. 2), and Seaman v. Southern Cotton & Paper Co., 24 F.(2d) 93 (C. C. A. 6), are not in point. There the case had not proceeded to an adjudication in bankruptcy. I know of no instance where a bankruptcy proceeding has been dismissed after adjudication simply on the ground that most of the creditors want it dismissed, there being one substantial creditor who opposes and who would be seriously prejudiced by dismissal.

The motion for reargument is granted, but on reconsideration the court adheres to its original determination. The motion to dismiss will be denied.