454

## In re RIORDAN.
### RIORDAN v. KLEIN et al.
### No. 6274.

Circuit Court of Appeals, Seventh Circuit.
March 8, 1938.

PHILLIP L. SULLIVAN, Judge.

J. Kentner Elliott, of Chicago, Ill., for appellant.

Francis E. Hinckley, of Chicago, Ill., for appellees.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

Appellant was adjudicated a voluntary bankrupt November 28, 1932, and thereafter, by appropriate orders of the District Court, was permitted to seek relief pursuant to section 74 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 202. Just what proceedings took place under this act, the record does not disclose, but it appears the same were dismissed by order of the court October 19, 1936. The original order of adjudication had not been vacated and the cause thereupon again proceeded in ordinary bankruptcy.

At a meeting of creditors, a trustee was elected, although it appears appellant owned no property except a parcel of real estate which she had purchased subject to a mortgage which she did not assume and on which there was no liability so far as she was concerned. The time for filing claims expired May 28, 1932, and, according to referee's claim docket, ten creditors had filed claims which were allowed.

On March 1, 1937, appellant filed her petition in the District Court stating the names and addresses of all creditors whose claims had been filed and allowed, together with the several amounts thereof, and requested that she be permitted to withdraw her petition and that the order of adjudication entered pursuant thereto be vacated and the proceeding dismissed. There was filed with such petition the written consent of each and every creditor whose claim had been allowed, agreeing to appellant's request. The matter was referred to the referee for a hearing, who, in a report, recommended that the request be denied. Exceptions were taken to the report but overruled by the court, and it is this order appellant seeks to reverse. No objection was made to the petition either before the court or the referee, and none is made here.

The question is whether a voluntary bankrupt, after adjudication, may, with the written consent of her proven creditors, cause dismissal of such proceeding. We are cited no authority and our own investigation discloses none exactly in point.

Section 95(g), title 11 U.S.C.A., provides the manner in which a voluntary or involuntary petition may be dismissed, and seems to contemplate that such dismissal may be had by consent of the parties, but not until after notice to the creditors. Most of the authorities relate to the rights of the voluntary petitioner to dismiss the proceeding before adjudication, or if after adjudication, over the objection of a creditor or interested party.

This court in In re Thorpe, 7 Cir., 12 F.2d 775, had occasion to consider the former situation. Therein are cited authorities which bear on the question but which are not decisive.

In Re Miller, Fed.Cas. No. 9553, in discussing an application to dismiss concurred in by the bankrupt and his creditors, it is said: "The policy of the act is to have the estate disposed of in such manner as the proving creditors shall determine is for their interest. In the present case they have determined that their interest will be best pro-

moted by allowing the bankrupt to resume the possession of his estate."

In Re Sig. H. Rosenblatt & Co., 2 Cir., 193 F. 638, 641, is found the following language: "Upon this state of facts we concur with the district judge in the conclusion that the first duty of the bankruptcy court is to administer or dispose of the estate in the interest of the creditors, and that where practically all of them assent to dismissal, either affirmatively or by failure to oppose, * * * it should be dismissed."

In Re Hebbart, 2 Cir., 104 F. 322, is a memorandum by a District Judge who holds that the bankrupt is entitled to withdraw his petition over an objection by subsequent creditors, on the theory that these latter would have no pecuniary interest in opposing such withdrawal.

In Re Stanley E. Gunnison, D. C., 10 F. Supp. 405, 406, where the application for dismissal was opposed by one creditor, the court used the following language: "I know of no instance where a bankruptcy proceeding has been dismissed after adjudication simply on the ground that most of the creditors want it dismissed, there being one substantial creditor who opposes."

There was a lapse of almost five years from the time of adjudication and the filing of this petition. The referee found the appellant guilty of laches, but how that doctrine could be invoked when all the interested parties agreed to the vacation and dismissal we cannot perceive. No creditor, if such there be, other than those who had filed claims within the time fixed by statute, had any interest in the matter and, so far as we can see, the trustee had no interest; at any rate, he made no objection either in the court below or here.

We see no reason why a bankrupt may not have an adjudication vacated and petition withdrawn where such action is consented to by all of the parties who could possibly have any interest in such proceeding or in the estate of such bankrupt, if such there be. Of course, provision must be made for the payment of costs. In a case such as here presented, appellant was the one who invoked the jurisdiction of the court and is responsible for the costs incurred thereby.

The decree of the District Court is reversed, with directions to vacate the order of adjudication and to dismiss the proceeding, the costs to be taxed to appellant.