**In re WEARE.**

United States District Court
S. D. New York.
Dec. 5, 1949.

Dillon & O'Brien, New York City, for bankrupt.

Thayer & Gilbert, New York City, for trustees of Farrar Street Trust, a creditor.

IRVING R. KAUFMAN, District Judge.

The bankrupt filed his voluntary petition in bankruptcy on September 20, 1949 and was adjudicated a bankrupt on the same day by Judge Hulbert.

A meeting of the bankrupt's creditors was held on October 20, 1949, at which time the trustees of the Farrar Street Trust filed their proof of claim. The trustees of the Farrar Street Trust, representing claims in the sum of $12,151.94, and the present attorneys for the bankrupt, Dillon & O'Brien, whose claim amounts to $500, are the only creditors of the bankrupt.

The bankrupt now makes a motion to vacate his adjudication in bankruptcy, entered on his voluntary petition on September 20, 1949, and to dismiss the voluntary petition of the bankrupt because the trustees of the Farrar Street Trust, one of the two creditors, have pressed a claim to income from a testamentary trust under the will of Lillie C. Weare, his mother, which had accrued at the date of the filing of the petition, and to future income from such testamentary trust. It appears that the bankrupt had filed his petition laboring under the apprehension that any income from said testamentary trust would be subject only to a possible levy of ten per cent of the amount of the income if and when the bankruptcy trustee proceeded to garnishee the ten per cent of such income under Section 684 of the Civil Practice Act of the State of New York. In view of the fact that the attorneys for the trustees of the Farrar Street Trust have made claim to the entire income which had accrued to the trustee of the testamentary trust on September 20, 1949, and were also laying claim to a substantial portion, if not all, of the future income accruing, the bankrupt decided that his bankruptcy proceedings, instead of easing his problems, had created many difficulties for him.

The trustees of the Farrar Street Trust had instituted in May of 1944 an action in the Supreme Court of the State of New York to recover from the bankrupt, based on three claims, the sum of $3,559.42 with interest, $1,095.67 with interest, and $2,-

400 with interest. The bankrupt is anxious to relegate the trustees of the Farrar Street Trust to their action in the Supreme Court of the State of New York by moving to vacate the adjudication. The trustees for the Farrar Street Trust object to the motion and insist that they have certain vested rights in the bankruptcy, of which they would be deprived were the bankrupt's motion to be granted. The rights which the trustees of the Farrar Street Trust insist they would lose, were the motion to be granted, are

(1) The security for payment of their claim represented by income from the testamentary trust which would normally pass to the trustee in bankruptcy as an asset of the bankrupt estate and

(2) The opportunity to collect the full amount of their claim because of the question concerning the applicable statute of limitations, it being their contention that in the bankruptcy court the statute of limitations of Massachusetts will be applicable and permit full recovery, whereas if they are relegated to the State courts, a substantial portion of the claim will be outlawed.

It is unnecessary for this Court to determine at this time which statute of limitations will be applicable. Suffice it to say that there appears to be a serious dispute between the bankrupt's attorneys and the attorneys for the trustees of the Farrar Street Trust as to whether the New York or Massachusetts statute of limitations will apply. It does, however, appear with a considerable degree of certainty that the rights of the objecting creditor will be adversely affected by the vacating of the adjudication.

The bankrupt voluntarily submitted himself to the jurisdiction of this Court. The objecting creditor, it must be emphasized, is the major of the two creditors in the bankruptcy proceeding, with a claim exceeding 90% of the total of the claims, and it would be seriously affected by the granting of this application. True, the bankrupt finds, much to his chagrin, that he is being rewarded with something that he never bargained for when he went into bankruptcy. However, to vacate the adjudication which he sought, over the objection of the major creditor, would indeed be rewarding the bankrupt for his lack of good faith by letting him out of a position for which his own bad faith is to blame, and which has now become unbearable to him. See Gersing v. Shinberg, 1944, 78 U.S.App.D.C. 353, 140 F.2d 706.

While there have been cases where orders have been granted vacating adjudications, they were made upon the consent of all of the creditors and all parties who had any interest in the proceedings. See In re Riordan, 7 Cir., 1938, 95 F.2d 454. It is the rule, founded on sound principles, that permission to vacate an adjudication in bankruptcy will not be granted where it would result in either reducing or affecting the claim of a creditor in bankruptcy. This principle was expounded in Re Stanley E. Gunnison, Inc., D.C.S.D.N.Y.1934, 10 F.Supp. 405. There Judge Patterson stated, 10 F.Supp. at page 406: "I know of no instance where a bankruptcy proceeding has been dismissed after adjudication simply on the ground that most of the creditors want it dismissed, there being one substantial creditor who opposes and who would be seriously prejudiced by dismissal."

In the instant case, not only is the creditor a substantial one with a claim exceeding 90% of the total claims, but the objecting creditor is one of but two creditors. The other creditor, consenting to the present application, was and is the firm of attorneys for the bankrupt, with a claim amounting to $500 as compared with that of the objecting creditor whose claim exceeds $12,000.

The bankrupt's motion to vacate the order of adjudication entered on September 20, 1949, and to dismiss his voluntary petition is denied.