**In the Matter of Willie Decius BROOKS, Bankrupt.**
**No. 91387.**

United States District Court
N. D. Ohio, E. D.
Jan. 17, 1962.

Henry L. Brover, Blum, Brover, Goldish & Karl, Cleveland, Ohio, for petitioner.

Hollingsworth & Hollingsworth, Cleveland, Ohio, for bankrupt.

KALBFLEISCH, District Judge.

This is a petition of Quellon-King Company to review a decision by Referee Carl D. Friebolin denying a motion to re-open this case and vacate an entry of dismissal.

The findings of fact made by the Referee, as to which there is no dispute, reflect that Willie Decius Brooks filed his petition and was adjudicated bankrupt on September 28, 1960. A trustee was appointed, who filed a report of "No Assets" on November 15, 1960. On November 28, 1960, according to petitioner's brief (page 3), Quellon-King Company sold certain goods to the bankrupt on credit. On June 26, 1961, bankrupt filed a motion for leave to dismiss his petition and vacate his adjudication. Notice was given to all creditors listed by bankrupt in his schedules and to all parties of record; the petitioner was not notified as he was not a creditor of the bankrupt at the time of the filing of his petition and adjudication. No objection being made, bankrupt's motion to dismiss No. 91387 was granted on July 7, 1961. On the same day, one hour later, bankrupt filed a new petition in bankruptcy in this Court, No. 96284. On August 24, 1961, the petitioner herein filed a motion to re-open this estate, vacate the entry of dismissal of the petition, and reinstate the adjudication. On September 22, 1961, the Referee denied the motion and review is sought of this decision.

This Court, taking judicial notice of its own records, is aware of the fact that the bankrupt's Statement of Affairs, filed on July 11, 1961, in connection with his second petition (No. 96284) was sworn to and notarized by J. L. Hollingsworth, who appears to be bankrupt's counsel, on June 26, 1961, the very date on which bankrupt filed his motion to dismiss (No. 91387) and nearly two weeks before the dismissal order was signed. The Court also notes that question 7(a) in the said Statement of Affairs asks, "What proceedings under the Bankruptcy Act have been brought by or against you during the six years immediately preceding the filing of the original petition herein?" to which bankrupt replied, "none."

It would appear that both bankrupt and the petitioner-creditor, Quellon-King Company, seek to use the Bankruptcy Act as a sword rather than the shield for which it was intended. There is no basis in law for requiring a bankrupt to re-open a case previously closed without discharge, instead of filing a new petition, but whether bankrupt has committed such misconduct as might bar his discharge is a matter which should be presented in connection with No. 96284 rather than in the case now before the Court. See 18 U.S.C.A. § 152; 11 U.S.C.A. § 32, sub. c; Aronofsky v. Bostian, 133 F.2d 290 (C.C.A.8th, 1943).

After consideration of the briefs of the parties, the Referee's findings of fact, conclusions of law and memorandum, the Court is of the opinion that the decision should be affirmed.

As this appears to be a novel question, Referee Friebolin's carefully considered opinion and conclusions of law are adopted by this Court and are set forth below:

"Apparently, this question has never before been presented to any Court, nor has it been discussed in any bankruptcy text which we can find. Counsel for Quellon have cited no case nor any text supporting its contention. Since this Section has been in the Act for over fifty (50) years, this would seem to give some support—sub silentio—to our conclusion that there is no sound basis for the contention made by Quellon.

"*Section 59g* [11 U.S.C.A. § 95, sub. g] obviously provides for the requirements of Notice of Dismissal of not only a voluntary, but also an involuntary case. It does not, separately, make provisions with regard to each of them. In order to understand the provisions of this Section, it must be kept in mind that, in a voluntary case, the Bankrupt has, by virtue of Section 7a(8) [11 U.S.C.A. § 25, sub. a(8)], filed a sworn list of his creditors in the Schedule filed with his Petition, while, in an involuntary case,

no Schedule of Creditors is filed nor is required to be filed until after adjudication (See Sec. 7a(8) and G.O. 9 [11 U.S. C.A. following section 53].).

"In consequence, when we find that in Section 59g it is provided that, upon Motion of Dismissal, the Bankrupt is required to file a list under oath of his *creditors*, to whom Notice is to be sent, it obviously means in an involuntary case; there is no other list of creditors filed, as in a voluntary case. Section 59g further provides that if the Bankrupt shall fail to file such list, such list may be filed by the 'Petitioning Creditors.' Obviously, this means in an involuntary case, because there are no petitioning creditors in a voluntary case.

"In this connection, it should be noted that in General Order 9 it is provided that in an *involuntary* case, when the Bankrupt fails to file a list of creditors, 'it shall be the duty of the petitioning creditor to file, within five (5) days after adjudication, a list of creditors.'

"Can there be any doubt that when a list of creditors is to be filed, regardless of whether the case is voluntary or involuntary, the word 'creditors' means creditors of the bankrupt as of the date of bankruptcy, that is, the date of filing of the petition?

"Again, it is to be noted that *Sec. 59g*, in its very first sentence, provides: ' * * after notice to the creditors, as provided in Section 58 of the Act,' and Section 58, which is the Section providing for Notices generally in a strict bankruptcy proceeding, provides for Notice to creditors who have a right to participate in and may benefit by the matter concerning which notice is to be sent. This Section provides for Notice to Creditors of various hearings, of sales of Bankrupt's assets, of compromises, of applications for allowance of fees, and also for 'Notice of the proposed dismissal of the proceedings in cases where notice is required by *subdivision g of Section 59* of the Act.'

"This interpretation of Section 59g is borne out by the textwriters, as well as the clear implication in a number of cases. 3 Collier on Bankruptcy, 14th Ed., 625 to 628. Respecting voluntary petitions, see 3 Collier, 14th Ed., 630. Cases in which voluntary petitions were dismissed upon application of the bankrupt are the following: In the Matter of Riordan, 95 F.2d 454 (C.A.7th, 1938); In the Matter of Lavine, 20 F.Supp. 362 (D.C.N.Y., 1937); In the Matter of Strunk's Lane, 64 F.Supp. 731 (D.C.Ky., 1946).

"The right of Quellon, in view of *its* lack of interest, since it is a future creditor, in the administration of this estate is, to say the least, doubtful. Although the reported cases in this respect are future, it has been quite generally held that the applicant for the reopening of an estate must have some real interest in the estate, either by way of a right to participate in the administration, to share in the assets, or by way of a right to object to a discharge. 1 Collier on Bankruptcy (14th Ed.), pages 252 to 254; Remington on Bankruptcy (1956), Section 2977: 'A Petition to Reopen an Estate will be considered only if presented by some person interested in the estate. In most instances, such applications are filed by one or more creditors.'

"There can be no question but that, having no claim which it could prove in this estate, and unable to share in any assets, it also could not object to Bankrupt's discharge. In fact, it would not be notified of an opportunity to object to a discharge nor be included in a declaration of a dividend, since only creditors with provable debts may participate; this is true of such creditors whether their debts are provable or not. Sec. 14b and Sec. 58b of the Act [11 U.S.C.A. §§ 32, sub. b, 94, sub. b]. Quellon's debt could not, under any circumstances, be affected by a discharge. Sec. 17 [11 U.S. C.A. § 35].

"Regardless of Quellon's *right* to file a Motion to Reopen, courts will not grant a Motion to Reopen an estate unless the applicant shows that, if reopened, there would be an appreciable addition to assets or probably the discovery of a ground of objection to a discharge.

"Prior to 1938, the court could grant a Motion to reopen 'only whenever it appears that estates were closed before being fully administered.' Sec. 2 (clause 8) [11 U.S.C.A. § 11, sub. a(8)] now provides that an estate may be reopened 'for cause shown.' Although this liberalized the proceedings, the courts have held that there must be a showing that assets will probably be brought into the estate or at least that there will be some benefit to creditors of the estate. See 1 Collier (14th Ed.), pages 247 to 251.

"Quellon has not shown that the Trustee would, in all probability, be able to bring property into the estate for administration for the benefit of creditors, or at least that the creditors (meaning a creditor who was such at bankruptcy with a provable debt) would benefit by such reopening. Quellon has not alleged nor proven that any benefit would result to creditors of this estate. Nor, if it were opened, could it object to a discharge.

"Quellon, apparently, contends that because the Bankrupt herein, after the dismissal of his petition herein, filed a new voluntary bankruptcy proceeding, he, in some way, did something unlawful, and therefore his dismissal in the present proceedings was improper. There is nothing in the Act that warrants such a contention and Quellon has cited no text nor case to support it.

"If Quellon has any right or claim by reason of the filing of the second petition, it would seem that such right should be asserted in the new bankruptcy proceeding. In this second proceeding, Quellon is a creditor and has a provable claim. Quellon appeared at the First Meeting and upon nomination of its own attorney as trustee, such attorney was appointed Trustee and now is qualified and acting as such Trustee in such case. In any event, its action in participating actively in the second case would seem to disqualify it from now attempting to reopen this case, with the result that we would have *two* voluntary bankruptcy proceedings, of the same bankrupt, being administered, at the same time.

"Quellon, in its petition for review, alleges as one of the erroneous findings that the bankrupt did not show good cause for dismissal. In the first place, the Order of Dismissal, as already found herein, was entered after complying with all of the requirements of Section 59g. All of the creditors in this case were notified of hearing upon the Motion of Dismissal, as provided in Sec. 59g. Any creditor aggrieved by that Order had a right to file a Petition for Review. Instead, no creditor objected.

"Conclusions of Law"

"1. The burden is upon the applicant to show good cause for the reopening in this case.

"2. Section 59g does not require a voluntary bankrupt, who has filed a list of his creditors under oath in his Schedules, to file another list of creditors if and when he files a Motion to Dismiss his petition.

"3. It is not required by Section 59g for Notice to be given of Hearing upon the Motion to Dismiss a voluntary petition (or an involuntary petition) to creditors who are not creditors at bankruptcy and became such after the date of bankruptcy but before the date of filing by the Bankrupt of a Motion to Dismiss the Petition.

"4. All requirements respecting the filing of a Motion to Dismiss a voluntary petition herein were fully complied with.

"5. The granting of a Motion to Dismiss rests in the discretion of the court and the court will not grant a Motion to Reopen when no clear benefit is shown to creditors or to complete administration of the estate.

"6. The application to reopen this estate, filed herein, should be denied and dismissed."

The order of the Referee will be affirmed.