### In the Matter of Linda W. RICHARDS, Debtor.

### Bankruptcy No. 79–1489 C.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

March 6, 1980.

N. Weinstein, J. Nixon, Tampa, Fla., for trustee.

## ORDER OF DISMISSAL

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for hearing with notice to all parties of interest to consider a voluntary dismissal of the above-captioned case filed by Linda W. Richards, the Debtor who originally filed her petition for relief under Chapter 7 of the Code. The Court considered the record and finds that at the meeting of creditors called pursuant to Sec. 341, Mr. George Hadley was appointed as trustee for the estate of Linda W. Richards; that the Trustee employed, with the approval of the Court, Mr. Jary C. Nixon to assist him with the legal problems involved in the case; that the Debtor claimed exemptions as head of a household under the applicable provisions of the Florida Constitution, Art. X, § 4, which claim was challenged by the Trustee; that counsel for the Trustee expended considerable amount of time researching the legal problems involved and although the Trustee did not administer any assets of the Debtor, it appears that there might be substantial assets available for liquidation if the Trustee is able to prevail on the claim that the Debtor is not entitled to any exemptions. It further appears from the record that the Debtor obtained her discharge and is now willing to forego her right to a discharge as a condition to the dismissal of this proceeding.

There is no doubt that a dismissal under these circumstances would be in the best interest of the Debtor, that the Debtor is willing to pay the cost of the administration of her estate and that although all creditors received a proper notice of the hearing on the Debtor's Motion for Dismissal of her case, no one appeared in opposition of the same. While it is difficult to accept the dismissal of a case where it appears that the administration would produce meaningful benefits to the creditors and would produce sufficient funds to compensate the Trustee and his attorney for work done in the case, in light of the lack of opposition, the dismissal appears to be appropriate.

In light of the foregoing, it appears to be proper to condition the dismissal upon the Debtor's willingness to pay the costs incurred so far in the administration of the estate, which shall include the court reporter's attendance fee and a reasonable

amount to be allowed to the attorney for his services. However, since there are no funds in the estate, this Court is constrained to conclude that there is no way to make an allowance or to surcharge the Debtor for cost of administration in order to make an allowance of commission to the Trustee. This is so because the Trustee's compensation under the Code is limited by Sec. 326 of the Code which, unlike the pre-Code law, does not provide for a discretionary allowance up to $150.

Considering the foregoing, this Court, while it is inclined to dismiss this case on the condition that the Debtor pay the costs to be imposed, which this Court has the inherent power to impose, consisting of the court reporter's attendance fees and the attorneys fees to be allowed, it cannot make any allowance to the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the proceeding filed by Linda W. Richards be, and the same hereby is, granted and the above-captioned proceeding be, and the same hereby is, dismissed conditioned upon, however, payment by the Debtor to the official court reporter for his attendance fee and for payment by the Debtor to the allowance made by a separate order to Jary C. Nixon in the amount of $500 within 30 days from the date of entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that the discharge entered on January 18, 1980 be, and the same hereby is, vacated.