### In re Weldon J. WIRICK, Debtor.

### Bankruptcy No. 79–01539.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

April 10, 1980.

James C. Shannon, Richmond, for debtor.

C. Jeffers Schmidt, Jr., Richmond, Va., for Bankruptcy.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

On November 1, 1979, the Debtor filed herein a voluntary petition in bankruptcy listing $4,150 as exempt property pursuant to the homestead exemption allowed by Virginia law. The Code of Virginia of 1950, as amended, in § 34–14 provides that property claimed exempt under § 34–4 up to an amount of $5,000 may be designated in a duly executed and recorded homestead deed. The homestead deed had not been recorded prior to the filing of the petition in bankruptcy as required by said Code. Subsequent to the first meeting of creditors required by 11 U.S.C. § 341 (Bankruptcy Reform Act of 1978), the Debtor on December 11, 1979 filed a petition to dismiss this bankruptcy proceeding. The Trustee in Bankruptcy in his report of exempt property filed herein on December 14, 1979 declined to set aside the homestead exempted property. He also objected to the petition to dismiss. After due notice to creditors, a hearing was conducted on December 27, 1979 on the petition to dismiss. No creditor appeared or objected to the petition. The Trustee argued against the dismissal. The Trustee and counsel for the Debtor submitted briefs in argument, and upon said briefs, oral argument, and the pleadings filed herein, the Court renders the following opinion.

## STATEMENT OF THE CASE

The facts in this matter have been stipulated. Debtor states that the sole reason for the failure to record a homestead deed as required by applicable Virginia law was attorney error and that the sole reason for the filing of the petition to dismiss is to enable the Debtor to be in a position to timely record the homestead deed and then to refile his petition in bankruptcy and having an unchallenged claim to $4,150 worth of exemptions presently listed in Schedule B-4 of his petition. It is the Debtor's intention also to amend Schedule A-3 of his petition to include an additional creditor; the effect of which would increase Debtor's unsecured creditors from $4,419.24 to $17,696.20, however, this, together with other minor amendments which he intends to make, is not relevant to the issue in this proceeding. There is no allegation by the Trustee or any interested party that any attempt to defraud or mislead has been made by the Debtor or that any circumstances other than attorney error exists which would cause him to seek a dismissal of his petition with the full intent to subsequently refile.

## CONCLUSIONS OF LAW

There are two basic issues argued by counsel for the Debtor and counsel for the Trustee herein. The first issue is whether the Trustee is the proper party to object to the voluntary dismissal of the Debtor's petition in bankruptcy on behalf of the general

creditors. The second issue is whether regardless of the validity of the Trustee's objection, should the petition to dismiss be granted.

The Trustee argues that he is the proper party in interest to object to the Debtor's voluntary petition to dismiss. He contends that the role of the Trustee is that of the representative of the estate of the Debtor and as such he has the capacity to sue and be sued (11 U.S.C. § 323). He further argues that the estate of the Debtor constitutes *inter alia* all legal or equitable interest of the Debtor in property as of the commencement of the case (11 U.S.C. § 541). Among the duties of the Trustee under the Bankruptcy Code § 704 is the duty to collect and reduce to money the property of the estate and to close the estate as expeditiously as is compatible with the best interest of the parties in interest. This statutory duty obligates the trustee to pursue all assets that potentially may be liquidated for the benefit of the estate. Also pursuant to § 704 the trustee is to oppose the discharge of the bankrupt if advisable. Further since pursuant to § 501(c) of the Bankruptcy Code, the trustee is empowered to file a proof of claim on behalf of a general unsecured creditor then *a fortiori* he is the proper party to object to a petition to dismiss when there potentially are assets for the benefit of the general unsecured creditors. Finally, although not argued by the Trustee, Bankruptcy Rule 610 authorizes the trustee to defend or prosecute actions against the debtor on behalf of the estate. This adds further credence to the contention of the Trustee that he is a proper party to object to the Debtor's petition to dismiss the voluntary petition in bankruptcy.

 Counsel for the Debtor contends that the Trustee is not the proper party to object to the dismissal of the bankruptcy petition except on limited grounds. Counsel for the Debtor argues that the creditors have received notice of the hearing on the dismissal of the bankruptcy petition and that the Trustee has standing only to object to a dismissal on the basis that his costs or other expenses have not been paid. The Debtor has offered to pay all costs and fees of the Trustee in this matter. The case law supports the Debtor's position that the Trustee's standing to object to a dismissal is a narrow one. In *In re Salaberry*, 107 F. 95 (D.C.Cal.1901), the creditors after being duly noticed had not objected to the dismissal of the voluntary petition in bankruptcy but the trustee had entered his objection on the grounds that he was entitled to his costs incurred in hiring an attorney. The District Court affirmed the trustee's objection but granted leave to the bankrupt to refile his petition for dismissal upon payment of the trustee's costs. In the leading case of *In re Lavine*, 20 F.Supp. 362 (D.C.N.Y.1937) that is very similar factually albeit not identical to the facts in the instant proceeding, the issue was presented whether the trustee was entitled to notice of the petition for voluntary dismissal. The bankrupt had argued that § 59(g) of the Bankruptcy Act required that only creditors be noticed and that therefore, the trustee had no standing to appear or object at the hearing on the petition for voluntary dismissal. The court, however, held that the trustee was entitled to notice, but implied that it was for a limited purpose only:

"Certainly a trustee in bankruptcy is entitled to notice of an application of this kind *as he is required to account for the assets that come into his hands, and be paid his fee as provided by law, and other authorized expenditures such as attorneys' services and accountants' services.*" *Lavine, supra* at 364 (emphasis added)

The commentator in *Collier on Bankruptcy*, 14th ed. makes the following comment:

"The trustee is entitled to notice so that he may intervene and obtain, prior to the dismissal, reimbursement, or adequate security for any expenses he might have incurred in the course of his administration of the bankrupt's property. Until this is accomplished, the dismissal will be denied. *But aside from these matters it is doubtful whether a trustee could successfully object to the proposed dismissal where the bankrupt and all of the credi-*

tors consent." *Collier on Bankruptcy,* 14th ed. § 59.34[2.2] at page 660, 661 (footnotes omitted) (emphasis added)

The Trustee has made several references to the Bankruptcy Reform Act which he contends enhances his powers and duties to the extent of making him a proper party to an objection to the dismissal of the Debtor's petition. A reading of the Bankruptcy Reform Act sections cited does not reflect a substantive change in the Trustee's rights, duties and powers as they existed under the Bankruptcy Act so as to induce this Court to find that the above cases are no longer authority, nor did the Rules of Bankruptcy Procedure, although adopted subsequent to said cases, substantially alter the law to enable the Trustee to be a proper party to said dismissal. Therefore, the Court concludes that the Trustee has standing to object only for the purpose of insuring that his fees, costs and other expenses are paid by the debtor prior to the dismissal of the voluntary petition being granted.

The next issue is whether if no creditor objects, should the Court grant the dismissal of the voluntary petition. The law prior to the passage of the 1978 Bankruptcy Reform Act, effective for the most part October 1, 1979, was clear. The court in *In re Riordan,* 95 F.2d 454 (7th Cir. 1938) makes the following statement which is typical of the case law concerning petitions for voluntary dismissal where no creditors have objected to the dismissal of the petition:

"No creditor . . . other than those who had filed claims within the time fixed by statute had any interest in the matter and, so far as we can see the trustee had no interest; at any rate he made no objection either in the court below or here.

We see no reason why a bankrupt may not have an adjudication vacated and petition withdrawn where such action is consented to by all the parties who could possibly have any interest in such proceeding or in the estate of such bankrupt, if such there be. Of course, provision must be made for the payment of costs." *Riordan, supra* at 455.

The *Riordan* Court also quoted the following language from *In re Sig H. Rosenblatt & Company,* 193 F. 638, 641 (2nd Cir. 1912):

"Upon this state of facts we concur with the District Judge in the conclusion that the first duty of the Bankruptcy Court is to administer or dispose of the estate in the interest of the creditors and that where practically all of them assent to dismissal either affirmatively or *by failure to oppose * * * it should be dismissed." Rosenblatt, supra* (emphasis added)

Thus it was clear under the old law that the trustee had standing only to object on the grounds of recovery of his fees and expenses and did not have other grounds to object to the withdrawal of the voluntary petition. Furthermore, it was equally clear that where all the creditors assented or did not object to the withdrawal of the petition in bankruptcy, the court was compelled to grant the petition to dismiss.

The Bankruptcy Reform Act of 1978 addresses the issue of dismissal of bankruptcy petitions. 11 U.S.C. § 707 states as follows:

"The court may dismiss a case under this chapter only after notice and a hearing and only for cause including—

(1) unreasonable delay by the debtor that is prejudicial to creditors; and

(2) nonpayment of any fees and charges required under Chapter 123 of Title 28."

Section 707 of the Bankruptcy Code (Bankruptcy Reform Act of 1978) which governs dismissal of petitions filed pursuant to the requirements of Chapter 7, is distinguished from § 59(g) of the Bankruptcy Act of 1898 in that the old Act as well as Bankruptcy Rule 120(a), although requiring notice to creditors, did not include language that dismissal would be "only for cause" as set forth in said § 707. It is essential that the Court determine if such an additional restriction on dismissal alters the general course of the existing case law.

Two problems in making this determination are presented by the wording of § 707. First, it is doubtful whether § 707 addresses a debtor's voluntary petition to dismiss at

all. It seems to contemplate only the situation where parties other than the debtor seek dismissal of the bankruptcy debtor's petition. One author notes that:

> "[t]he Code provision, by its illustrations, appears to address itself, however, only to an involuntary dismissal as opposed to a situation where the debtor requests a dismissal. To the extent, however, that a voluntary dismissal would prejudice creditors, the court could undoubtedly find that the debtor had not shown sufficient cause to warrant the dismissal." L. Snider, Commencement Of a Case contained in Practicing Under The Bankruptcy Reform Act at 38, (ed. by Hon. G. Brody, W. Taggart, G. Lee, 1979)

The legislative history adds little to a full understanding of § 707. It comments that if the ability of the debtor to pay his debts in whole or in part is grounds for a dismissal, it should be denied for to do otherwise would be an enactment of a non-uniform, mandatory Chapter 13. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 380, U.S.Code Cong. & Admin.News 1978, p. 5787. Such a dismissal based upon that ground would also appear to be creditor oriented. If in fact, § 707 only addresses involuntary dismissals rather than ones initiated by the request of the debtor, then § 707 would be inapplicable to this proceeding.

▮ Assuming, however, that § 707 does address a voluntary withdrawal of a debtor's petition, implicit in the requirement upon the court to find "cause" is the assumption that the dismissal of the petition is contested by a proper party. Such is not the case here. All creditors were properly noticed and none objected. The trustee may object for limited purposes only. The Court is not a party, for a paramount purpose of the Bankruptcy Reform Act was to remove the bankruptcy judge from the administrative end of the bankruptcy case and preclude him as well from ex-parte participation in the proceedings. *See,* House Report No. 95–595, 95th Cong., 1st Sess. 3 (1977); Senate Report No. 95–989, 95th Cong., 2nd Sess. 15 (1978). To construe § 707 to require the court to become an advocate and object to the cause for a dismissal, would be contrary to the purpose of the Reform Act.

▮ Since the law is clear that the trustee has only limited grounds to object and since no other creditor, upon proper notice, has objected to the Debtor's petition to dismiss, and since the Court must not put its imprimatur on the case when no real adversary issue exists, the petition to dismiss must be granted.

Dismissal of this proceeding is deferred pending payment to the Trustee of his reasonable fees and expenses and upon payment thereof, Debtor is to present an order endorsed by counsel directing this petition in bankruptcy be dismissed.