

John M. Whalen, Lewiston, Me., for debtor.

Thomas F. Malone, Jr., Gorham, Me., trustee.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The Debtor filed his voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code on January 17, 1980. The schedules reveal a no-asset case. A discharge has not yet been granted.

**In re Jerry R. REYNOLDS, Debtor.**

**Bankruptcy No. 280–00027.**

United States Bankruptcy Court, D. Maine.

June 24, 1980.

On May 9, 1980 the Debtor filed a motion to dismiss his petition on the ground that it had been filed by mistake.

Pursuant to Section 707 of the Bankruptcy Code and Bankruptcy Rule 203 notice of a hearing on the Debtor's motion to dismiss was mailed to all creditors on May 27, 1980. The hearing was scheduled for June 10, 1980 at 9:30 A.M. Only the Debtor and his counsel appeared for the hearing.

The only reason for seeking dismissal of his pending case is to enable the Debtor to file another petition and obtain a discharge of some $3,700 in additional debt incurred since the date of the filing of his original

petition. The original petition was filed under the mistaken belief that a serious medical condition had stabilized. It was only after having filed that the Debtor learned that he was required to return to the hospital for further extensive medical treatment.

### DISCUSSION

Section 707 of the Code, as pertinent, provides:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause . . . .

 The Court must conduct a hearing and may dismiss the case only for cause. Collier on Bankruptcy, 15th ed. ¶ 707.01. In my view this means that the Court must conduct a hearing and find cause for the voluntary dismissal even though no interested party objects or appears in opposition to the motion.

The issue: Has the Debtor demonstrated cause for a voluntary dismissal of his petition? The Court concludes that he has not.

A debtor, of course, is free to choose if and when to file a petition under Chapter 7 of the Code. Once it is filed, however, the petition can not be voluntarily dismissed except by court order and then only for cause.

The Debtor's timing of the filing of his petition was unfortunate. However, the Congress has mandated that a debtor is entitled to a "fresh start" only once in six years under the Bankruptcy Code. 11 U.S.C. § 727(a)(8). To dismiss this pending case and permit the Debtor to file another petition and obtain a discharge of debts incurred since its filing would circumvent the Code and establish a dangerous precedent which could lead to abuses. An important function of the Bankruptcy Court is to prevent possible abuses of this important legislation.

The status of the Debtor and his creditors is established as of the date of the filing of his Chapter 7 petition. Creditors who extended credit or performed services subsequent to the filing of the petition may have done so in reliance upon the Debtor's "fresh start." [1]

The Court concludes that the Debtor has not demonstrated cause for the dismissal of his voluntary petition. An appropriate order will be entered today.

---

1. Creditors who extended credit to the Debtor post-filing do not receive notice of the hearing on the motion to dismiss unless they have also extended credit pre-filing and are listed on the Debtor's schedules. Bankruptcy Rule 203(a); *In re Brooks*, 200 F.Supp. 497 (1962).