In the Matter of Edward Joseph POIRIER, Jean Rose Poirier a/k/a Jean Rose Ouimette, Debtors.

Bankruptcy No. 2-81-00822.

United States Bankruptcy Court, D. Connecticut.

Jan. 8, 1982.

---

**2.** 11 U.S.C. § 841.

**3.** 11 U.S.C. § 72.

**4.** 11 U.S.C. § 110.

692

Deborah H. Benson, Norwich, Conn., for debtors.

Paula L. Schiffer, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., for The Connecticut Bank and Trust Co., creditor.

James J. Devine, Gilman, Berberick, Murphy & Devine, P. C., Norwich, Conn., for Edward Hislop, post-petition creditor.

## MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

## BACKGROUND

Edward Joseph Poirier (Edward) and Jean Rose Poirier (Jean) filed a joint chap-

ter 7 petition on August 7, 1981. The customary court notice setting the creditors meeting date stated that it appeared from the schedules of the debtors that there were no assets from which any dividends can be paid to creditors. The debtors' schedules listed 39 unsecured creditors with claims totalling $52,155.75. They declared as their main joint asset a home with a stated value of $42,000.00, encumbered by taxes of $4,921.89 and a mortgage of $27,680.00. The debtors selected the federal exemptions. The court notice further set October 5, 1981 as the last day to file objections to discharge or complaints to determine dischargeability. No such objections or complaints were filed, but on October 3, 1981, the debtors applied to the court to dismiss their joint case, pursuant to 11 U.S.C. § 707.[1] The application alleged that subsequent to the filing of the joint petition, Jean became hospitalized and incurred substantial additional doctor and hospital bills; that Edward became involved in an automobile accident for which he may become liable for substantial sums; that neither the medical expenses nor the accident liability are covered by adequate insurance; that the debtors' "exemptions to which they are entitled under 11 U.S.C. 522 [will] be impaired substantially if their case is not dismissed"; and that creditors listed in their petition will not be adversely affected if their joint case is dismissed. The clerk's office scheduled a hearing on the application with notice thereof sent to the creditors shown on the joint petition.[2] The only person who appeared and objected to the dismissal was Edward Hislop (Hislop), the person injured in Edward's automobile accident.[3] The debtors presented testimony which generally supported the allegations of their application. Edward testified that

1. *11 U.S.C. § 707. Dismissal.*

The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
 (1) unreasonable delay by the debtor that is prejudicial to creditors; and
 (2) nonpayment of any fees and charges required under chapter 123 of title 28.

2. Bankruptcy Rule 203 provides that "the court shall give all creditors at least 10 days notice by mail of ... (5) the hearing on dismissal of a case ...."

3. Because Hislop's attorney also represented a listed prepetition creditor, he received notice of the hearing.

in addition to the obligations of his wife's hospitalization he has incurred additional medical expense due to injuries to two minor sons who were involved in separate accidents after the petition. Subsequent to the hearing, the debtors and Hislop filed briefs setting forth their contentions as hereinafter discussed. The debtors admit that the sole reason they are seeking a dismissal is to file another chapter 7 joint petition immediately thereafter and list as additional creditors Hislop and the medical expense creditors.[4]

## DISCUSSION

Under the Bankruptcy Act of 1898, it was generally accepted that whether a bankrupt could withdraw his petition in bankruptcy was subject to the sound discretion of the bankruptcy court, exercising general equitable considerations, including the prejudicial effect that termination of the proceedings would have on others. *See generally Right of Bankrupt To Withdrawal of Voluntary Petition for Bankruptcy*, Annot., 17 A.L.R.Fed. 959, 966 (1973). Thus, in *In re Smith*, 155 F. 688 (E.D.N.Y.1907), where a bankrupt had not realized that a prior discharge would bar a discharge in his present petition and sought therefore to dismiss it, the objections of creditors were sustained since they would be injured by a dismissal. And in *In re Weare*, 87 F.Supp. 413 (S.D.N.Y.1949) (Kaufman, J.) where a bankrupt mistakenly believed that his creditors could not reach more than 10% of the income of a trust, of which he was the beneficiary, the bankrupt was not allowed to dismiss his petition over objections of a creditor. The court noted that "[i]t is the rule, founded on sound principles, that permission to vacate an adjudication in bankruptcy will not be granted where it would result in either reducing or affecting the claim of a creditor in bankruptcy." *Id.* at 414. When creditors either consented or failed to object, courts usually have approved the withdrawal. Annot., 17 A.L.R.Fed. at 973.

In the present proceeding, the debtors claim that Hislop has no standing to object to a dismissal, not being a creditor at the time of the petition. They then contend that since there are no parties with standing who do object to dismissal, their application must be granted. The debtors cite three cases which give some support to their first claim, concerning lack of standing of post-petition creditors. In *In re Hebbart*, 104 F. 322 (D.C.Vt.1900), in a brief opinion, the court permitted a voluntary petition to be withdrawn, notwithstanding objection by persons who became creditors subsequent to the petition and had garnisheed the bankrupt's wages, stating:

> The question now, however, relates to the pendency of the present proceedings, without reference to future ones. As to that, he appears to have the right to withdraw as against any creditors who have a right to object.

*Id.* at 323. *Hebbart* was relied upon, in part, by the court in *In re Riordan*, 95 F.2d 454 (7th Cir. 1938), where four years after a debtor filed a petition, she requested permission to withdraw and all creditors who had filed claims consented to this request. The district court denied the dismissal, but the court of appeals reversed and granted the dismissal stating:

> No creditor, if such there be, other than those who had filed claims within the time fixed by statute, had any interest in the matter . . . .

*Id.* at 455. A variant situation arose in *In re Brooks*, 200 F.Supp. 497 (N.D.Ohio 1962), when, after a bankruptcy case had been dismissed, a post-petition creditor sought to reopen the dismissed case. The creditor had extended credit to the debtor after the filing of the first case. The bankrupt had filed a second case four days after the dismissal of his first petition. The court denied the motion to reopen, holding that:

> There is no basis in law for requiring a bankrupt to reopen a case previously closed without discharge, instead of filing

---

**4.** *11 U.S.C. § 349. Effect of Dismissal.*

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed.

a new petition, but whether bankrupt has committed such misconduct as might bar his discharge is a matter which should be presented in connection with ... [the second case] rather than in the case now before the court.

*Id.* at 498.

## II.

Since the enactment of the Bankruptcy Reform Act (BRA), there are holdings which approve of dismissing a case where there are no objecting creditors. Only creditors listed at the time of the petition were given notice of the hearing on the dismissal application. Objections by a trustee were disregarded as not being by a party in interest. *See In re Richards,* 4 B.R. 85, 6 B.C.D. 762 (Bkrtcy., M.D.Fla.1980); *In re Wirick,* 3 B.R. 539, 6 B.C.D. 354 (Bkrtcy., E.D.Va.1980); *In re Jackson,* 7 B.R. 616, 6 B.C.D. 1373 (Bkrtcy., E.D.Tenn.1980). *Richards* was a situation where the debtor sought the dismissal because a serious question arose as to whether she was entitled to the benefit of Florida exemption laws. In *Wirick,* the debtor also requested dismissal in order to properly perfect a Virginia homestead exemption. The debtor admitted he intended to refile thereafter and to add a creditor left off the original petition. Both of these omissions were due to attorney error. The court approved the dismissal, noting that no creditors objected and that the trustee, who did object, was not a party in interest.[5] On the other hand, when pre-petition creditors do object, as in *In re Blackmon,* 3 B.R. 167 (Bkrtcy., S.D.Ohio 1980), where the avowed purpose for the dismissal was the debtors' desire to refile after they satisfied a secured creditor out of proceeds from newly-discovered assets, the court denied the debtors' motion to dismiss their petition.

## III.

With the exception of *Hebbart,* I believe that all of these cases are factually distinguishable from the present proceeding. *Riordan, Richards, Wirick* and *Jackson* do not indicate that post-petition creditors are intended to be affected by the dismissal, and *Brooks* was not a proceeding on an application to dismiss a voluntary case. *Hebbart,* due to its age and brevity of analysis, may be questionable authority under the BRA.

In any event, opposed to this line of cases, are two recent holdings more factually alike to this matter and which I believe are more consonant with the principles of the BRA. In *In re Reynolds,* 4 B.R. 703, 6 B.C.D. 575, (Bkrtcy., D.Me.1980) after a debtor filed a chapter 7 no-asset case, he filed a motion to dismiss his petition. The debtor admitted that the only reason for seeking dismissal was to enable him to file another petition and obtain a discharge of additional medical expenses incurred after the first petition. Despite the failure of any creditor to appear in opposition to the dismissal, the court refused to dismiss the case finding that the debtor had not established cause. The court held that to allow the procedure sought by the debtor "would circumvent the Code and establish a dangerous precedent which could lead to abuses .... Creditors who established credit or performed services subsequent to the filing of the petition may have done so in reliance upon the Debtor's 'fresh start'." *Id.* at 704. In *In re Underwood,* 7 B.R. 936, 7 B.C.D. 130 (Bkrtcy., S.D.W.Va.1981), the debtor applied to dismiss his chapter 7 petition because the debtor had been involved in a post-petition automobile accident and wished after the dismissal to file a second chapter 7 petition and list the party damaged in the accident as a new creditor. The debtor contended that he would be deprived

---

**5.** The *Wirick* court noted that, facially, § 707 does not appear to address the situation of the *debtor* seeking to dismiss his voluntary petition. However, since no other part of the BRA appeared applicable, the court utilized its provisions but assumed that prior case law would continue unaffected. It also decided that since

the purpose of the BRA was to remove the bankruptcy judge from nonadversary proceedings, when there was no objection from a party in interest, the petition to dismiss *must* be granted.

*Wirick* was approved and followed in *In re Jackson, supra.*

of his fresh start if he were denied the dismissal. No creditor appeared at the hearing to object. Only pre-petition creditors had been noticed. The court concluded:

> Since a dismissal for the purpose of filing a new petition would result in an enlarged discharge, thus violating limitations which Congress placed on chapter 7 relief, the Debtors' application should be denied.

*Id.* at 938, 7 B.C.D. at 131. The court also held, in effect, that where post-petition creditors were not noticed, it was unable to make a finding that no creditor objected to the withdrawal application.

## CONCLUSIONS

I first conclude that where debtors intend immediately to file another chapter 7 case after dismissal of a first such case, and seek dismissal only for the purpose of listing additional creditors who became such after the filing of the first petition, the debtors must notice all post-petition creditors so that they may be heard on the dismissal application. Only after such notice is given can a court make a determination that there is no creditor objection to dismissal. Under these circumstances, the post-petition creditors become parties in interest for the purpose of notice and the right to be heard. Although no such notice was given here, a post-petition creditor has appeared and objected to dismissal.

I further conclude that the debtors have not established cause for dismissal. The filing of a chapter 7 petition under bankruptcy law is not akin to the filing of an ordinary lawsuit. Rather, the act of filing a debtor's petition invokes a plethora of far-reaching statutory provisions, including the operation of automatic stay against creditor actions, the creation of an estate, and the appointment of a trustee. I believe to start, then stop, and then restart such a chain of events only for the purpose of adding post-petition creditors to pre-petition creditors, does not constitute sufficient cause under § 707. Congress has provided

a remedy under chapter 13 of the BRA for persons faced with the unfortunate series of events that the debtors experienced in the present case. Under a chapter 13 case, if all other provisions of the chapter are met, a discharge is available to debtors despite the entry of a discharge within six years in a chapter case.[6] *In re Underwood, supra.*

The debtors' application for dismissal must be, and hereby is, denied, and it is

SO ORDERED.

---

**6.** Edward is an individual with regular income.